**MID–CENTURY INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**WELLS FARGO BANK NA, Defendant–Appellee.**

**No. 06–56631.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed May 21, 2008.

Richard P. Dieffenbach, Esq., Inlow H. Campbell Law Offices, Los Angeles, CA, Robert W. Ludwig, Jr., Esq., Ludwig & Robinson, Washington, D.C., for Plaintiff–Appellant.

Tod V. Beebe, Esq., Barton, Klugman & Oetting, Los Angeles, CA, for Defendant–Appellee.

Before: SCHROEDER, SILVERMAN, and BERZON, Circuit Judges.

MEMORANDUM *

Mid–Century Insurance Company appeals the district court's dismissal of its action alleging negligence by Wells Fargo Bank. Our review is de novo, *see Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032 (9th Cir.1994), and we affirm.

The district court held that this action was precluded by the collateral estoppel effect of a prior negligence action against Wells Fargo regarding the same fraud.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Mid–Century argues that its action was brought by a different insurer and involves different checks cashed at different times.

The district court correctly determined that both actions required consideration of whether Wells Fargo acted below the standard of care in accepting a series of checks made payable to "Southern California Auto Auction." The issues involving acceptance of those checks are identical. *See Kourtis v. Cameron*, 419 F.3d 989, 995 (9th Cir. 2005).

Privity also exists between the two insurers as to the issues presented in this appeal. They stood in the shoes of the same insured party to litigate the same issues. *See Irwin v. Mascott*, 370 F.3d 924, 929–30 (9th Cir.2004).

Finally, Mid–Century's argument that it is entitled to damages for all checks following the June 2001 check that Wells Fargo negligently accepted cannot succeed. Mid–Century contends that the jury's finding amounted to a finding that Wells Fargo accepted the check in bad faith, and that this finding entitles Mid–Century to consequential damages for all the subsequent fraudulent checks. The district court correctly observed, in rejecting this claim, that the *National Union* jury found only negligence and made no finding of bad faith.

The district court's order is **AF-FIRMED.**